CLABE BITTIX v. THE STATE.

No. 3008.  Decided May 10, 1905.

**Local Option—Fact Case—Sale.**

Where the prosecutor had given other persons money and asked them to get him whisky, the fact that he had given defendant 80 cents and asked him to bring him a quart of whisky and that he found a bottle of whisky on his workbench afterwards, but that he deducted the 80 cents from defendant's wages and did not know who put the whisky there, did not establish a sale.

Appeal from the County Court of Burnet.  Tried below before Hon. Jas. G. Cook.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $35 and thirty days confinement in the county jail.

The opinion states the case.

*Flack & Dalrymple,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Conviction of violating the local option law. The only question we deem necessary to consider is the sufficiency of the evidence.  There is no testimony establishing a sale from the de-

fendant to witness Siewert. Siewert gave appellant 80 cents and said, "bring me a quart of whisky if you have any." Defendant took the money, and sometime after that, perhaps the same day, witness found a bottle of whisky sitting on a workbench in the back of his shop. He further states that he did not know who put the whisky there; that defendant did not tell him he put it there. Defendant was working for witness, and in making settlement, the money advanced by witness to defendant was allowed as a credit on work done by defendant—thus showing it did not go toward a payment for whisky. Prosecutor says he gave other parties money and asked them to get him whisky, and this was done before he found the whisky on his workbench. So we are left at sea as to who really placed the whisky on the workbench, whether it was defendant or other parties. The evidence being insufficient to support the verdict, the judgment is reversed and the cause remanded.

*Reversed and remanded.*